THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State of South Carolina, Respondent,
 v.
 Alouis L.
 Taylor, Appellant.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-701
Submitted December 1, 2008  Filed
 December 15, 2008    
AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Christina J. Catoe, all of Columbia; and
 Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:   
 Alouis L. Taylor appeals his conviction of possession of a firearm and sentence
 of one year imprisonment.  Taylor argues the trial court erred by allowing
 testimony indicating the gun found was loaded, maintaining the testimony was
 not relevant and unduly prejudicial.
1.  We find
 the trial court did not abuse its discretion by allowing the officer to testify
 regarding the steps he took to secure the weapon, including the removal of the
 handguns magazine and chambered bullet.  See State v.
 Freiburger, 366 S.C. 125, 134, 620
 S.E.2d 737, 741 (2005) (holding the chain of custody requirement is strict
 where fungible evidence is involved); State v. Rice, 375 S.C. 302, 314,
 652 S.E.2d 409, 415 (Ct. App. 2007) (The admissibility of evidence is within
 the sound discretion of the trial judge.).  To the extent Taylor complains
 about the States closing argument, we find the issue is not preserved for
 review because Taylor did not object during the States closing.  See  In
 re McCracken, 346 S.C. 87, 93, 551 S.E.2d 235, 238-239 (2001) (holding an
 issue arising from closing arguments is not preserved for review absent a
 contemporaneous objection).
AFFIRMED. [1]

ANDERSON,
 HUFF, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.